**CHUAN FU LIN, also known as Liang Qin Chen, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4916–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Molly Debusschere, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Chuan Fu Lin ("Petitioner" or "Lin"), a native and citizen of the People's Republic of China, seeks review of an October 2, 2006 order of the BIA denying his motion to remand and affirming an IJ's denial of his motion to reopen his exclusion proceedings after he was ordered removed *in absentia. In re Chuan Fu Lin, a.k.a. Liang Qin Chen,* No. A72 971 425 (B.I.A. Oct. 2, 2006); *aff'g* No. A72 971 425 (Immig. Ct. N.Y. City, April 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.

2005). When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

Here, the IJ denied Lin's motion to reopen both because she considered the birth of Lin's child to be changed "personal circumstances" which could not be the basis for a motion to reopen proceedings, and because, treated as a motion to reopen to file a successive asylum application, Lin failed to demonstrate changed circumstances materially affecting his claim. *See* 8 C.F.R. § 1003.23(b)(1), (4)(i); 8 U.S.C. § 1158(a)(2)(D). In contrast, the BIA did not reach Lin's claim of changed country conditions; rather, it determined that he failed to provide sufficient evidence to establish his *prima facie* eligibility for relief. The BIA found that the physician's statement contained "an illegible name of a person who is pregnant and has a due date of January 26, 2007," and that neither this document, nor a document from the Zhengzhu Village Committee, nor his marriage certificate established that he had two children. *In re Chuan Fu Lin, a.k.a. Liang Qin Chen*, No. A72 971 425 (B.I.A. Oct. 2, 2006), at 1.

Petitioner appealed. The briefs submitted to this court by Petitioner and the government did not state whether Petitioner's wife had given birth, even though those briefs were submitted after the due date given in the physician's statement. Accordingly, on June 18, 2007, we directed the parties to file supplemental briefing addressing whether Petitioner's second child had been born, and addressing the effect, if any, of that birth on our analysis. *See, e.g., Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007) (per curiam); *Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109 (2d Cir.2006) (per curiam).

In his supplemental brief, Petitioner stated that his wife had given birth and included a certificate of birth registration for the child. Petitioner argued that this court should take judicial notice of the fact that he had a second child, or, alternatively, remand the proceedings to the BIA. The government agreed that, if this Court found it necessary to consider the evidence of the new child, the case should be remanded to the BIA because this court must "decide the petition only on the administrative record on which the order of removal is based." Immigration and Naturalization Act ("INA") § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A). Given that the BIA's decision was based only on the fact that Petitioner had not proven that he had two children, we remand this case to the BIA for it to consider Petitioner's evidence of changed country conditions. *Gonzales v. Thomas*, 547 U.S. 183, 126 S.Ct. 1613, 1614–15, 164 L.Ed.2d 358 (2006); *Jin Xiu Chen*, 468 F.3d at 109.

UPON DUE CONSIDERATION of this petition for review of the BIA decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The petitioner's motion for stay of removal is GRANTED pending a decision from the BIA on remand.